UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CARL S. LILLY,                      )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   Civil Action No. 09-2153 (PLF)
                                    )   **PUBLIC VERSION**
MAJOR GENERAL ERROL R. SCHWARTZ,    )
  *Commander, District of Columbia* )
  *National Guard*,                 )
                                    )
          Defendant.                )
_____)

OPINION

The plaintiff is challenging his removal from the United States Army's Active Guard and Reserve. He seeks to be reinstated to full active duty. This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment and on plaintiff's motion for a declaratory judgment. After careful consideration of the parties' papers, attached exhibits, and the relevant case law, statutes and regulations, the Court will grant defendant's motion and will deny plaintiff's motion.

I. BACKGROUND

At all times relevant to this lawsuit, plaintiff Carl S. Lilly was a member of the District of Columbia Army National Guard ("DCNG"). See Motion to Dismiss or, in the Alternative for Summary Judgment ("Mot."), Statement of Material Facts as to Which There is No Genuine Dispute ("Def. Facts") ¶ 13. On May 12, 2009, plaintiff's commander, Colonel Arthur Hinaman, provided notice to plaintiff of his intent to recommend that plaintiff be

involuntarily removed from the DCNG based on an investigation that showed that plaintiff [

].

See id. ¶¶ 4, 8.  Plaintiff was permitted to prepare a response to this notice, and he received the assistance of military counsel in doing so.  See id. ¶ 9.  Plaintiff was involuntarily separated from Active Guard and Reserve Duty in June 2009.  See Plaintiff's Response to Defendant's Motion to Dismiss or, in the Alternative for Summary Judgment and Cross Motion for Declaratory Judgment ("Opp."), Ex. E.  He has not yet appeared before the District of Columbia National Guard Administrative Separation Board, but currently is scheduled to do so on May 22, 2010.  See Notice, Dkt. No. 26.

On November 9, 2009, plaintiff filed suit and also moved for a preliminary injunction against the defendant in the Superior Court of the District of Columbia.  Defendant removed the case to this Court on November 16, 2009.  Although the Court scheduled a hearing on plaintiff's motion for a preliminary injunction, plaintiff withdrew the motion prior to the hearing.  See Opp. at 1.  The parties instead appeared for a status conference at which they agreed to a briefing schedule.  The matter is now ripe for adjudication.

## II.  STANDARD OF REVIEW

The parties rely on materials outside the pleadings.  Therefore defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is more appropriately treated as a motion for summary judgment.  See FED. R. CIV. P. 12(d).[1]  Summary judgment may be granted if "the pleadings, the discovery and disclosure

---

[1] Although defendant also moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court notes that defendant

materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895. When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [his] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Electric Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*); Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial.

---

removed the case to this Court on the ground that this Court has jurisdiction. See Notice of Removal, Dkt. No. 1 ¶ 6. In any event, plaintiff is correct that his allegations of constitutional violations create subject matter jurisdiction in this Court.

3

FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). He is required to provide evidence that would permit a reasonable jury to find in his favor. Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the nonmovant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 550 U.S. at 380 ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'") (quoting Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

Finally, because plaintiff is proceeding *pro se*, the Court has evaluated his filings under "less stringent standards than formal pleadings drafted by lawyers." Chandler v. W.E. Welch & Associates, Inc., 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); see also Gray v. Poole, 275 F.3d 1113, 1115, (D.C. Cir. 2002).

## III. DISCUSSION

Plaintiff's claims are essentially that he should not have been separated from the DCNG and that the procedures that led to his separation were inadequate. See Notice of Removal, Complaint at 1-6. Although the Court's review of military personnel decisions accords those decisions the "highest" deference, Bors v. Allen, 607 F. Supp. 2d 204, 211 (D.D.C. 2009) (quoting Housman v. Baratz, 916 F. Supp. 23, 28 (D.D.C. 1996)), judicial review of personnel decisions is appropriate when a plaintiff alleges a constitutional violation or a violation of applicable statutes or regulations. See Bors v. Allen, 607 F. Supp. 2d at 211 (for a court to intervene, the plaintiff must make "a very compelling case that he was denied process explicitly

4

given him by statute [or regulation] or that the . . . decision was arbitrary or capricious"). Courts have shown "no hesitation to review cases in which a violation of the Constitution, statutes, or regulations is alleged." Dilley v. Alexander, 603 F.2d 914, 919-920 (D.C. Cir. 1979) (internal citations omitted); see also Larsen v. United States Navy, 486 F. Supp. 2d 11, 18 (D.D.C. 2007) (constitutional claims brought by military personnel concerning hiring or termination are "precisely within the ambit of the federal judiciary") (citing Chappell v. Wallace, 462 U.S. 296, 304 (1983)). The inquiry for the Court in such cases is whether the Constitution has been violated, "whether there has been substantial compliance with applicable statutes and regulations, whether the agency acted arbitrarily and capriciously, and whether there is substantial evidence to support the [military] agency's decision." Appleby v. Harvey, 517 F. Supp. 2d 253, 270 (D.D.C. 2007) (citing Wolfe v. Marsh, 835 F.2d 354, 358 (D.C. Cir. 1987); Dilley v. Alexander, 603 F.2d at 919-20). In this case, plaintiff argues that the DCNG violated both the applicable statutes and regulations and the Constitution of the United States. The Court will examine the constitutional argument first.

Assuming that plaintiff had a property interest in his employment, a point uncontested by the parties, see Board of Regents v. Roth, 408 U.S. 564, 577 (1972), the constitutional issue presented by plaintiff is whether he received adequate process before he was separated from the DCNG. See Tabb v. District of Columbia, 605 F. Supp. 2d 89, 97 (D.D.C. 2009). The National Guard Regulations ("NGR") provide the procedures that must be followed prior to involuntarily separating a National Guard member. Specifically, as relevant to the matter before the Court, the applicable regulations provide:

> (1) Involuntary separation for cause recommendations will be made by the commander or supervisor at the level commensurate with the AGR [Active Guard/Reserve] soldier's full time duty position.
>
> (2) This commander or supervisor will refer the written recommendation for involuntary separation to the AGR soldier for comment.
>
> (3) The AGR soldier will be given 15 days to rebut or comment and return the recommendation to the commander who will forward through command channels to the Adjutant General.
>
> * * *
>
> (5) AGR soldiers pending involuntary separation under this paragraph will be advised of and provided assistance, if they request, of a JAGC [Judge Advocate General Corps] officer in preparing rebuttals."

Mot., Ex. F, NGR 600-5 ¶ 6-5(b). The defendant has submitted exhibits showing that this process was followed in plaintiff's case. See Mot., Ex. A (written recommendation in favor of involuntary separation, and advising plaintiff of right to assistance from JAGC officer); Ex. D (plaintiff's response to recommendation for separation).

Plaintiff does not dispute that the DCNG complied with the NGR 600-5 procedural requirements prior to his separation. Nor does he explain how these procedural safeguards are inadequate. In fact, they appear to be constitutionally adequate: plaintiff received both notice of the basis for his proposed separation and an opportunity to respond to the charges, and he was offered the assistance of counsel. No more was required. As "the essential elements of due process . . . are notice and an opportunity to respond," the Court concludes that this process was constitutionally adequate. See Tabb v. District of Columbia, 605 F. Supp. 2d at 97 (quoting Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546 (1985)).

Plaintiff also argues, however, that he was deprived of due process — and that DCNJ violated its own governing statute and regulations — because the DCNJ inappropriately relied on the Uniform Code of Military Justice ("UCMJ") to remove him. See Opp. ¶ 1. This theory also supports his argument that the defendant engaged in prosecutorial misconduct. See id. ¶ 2. The DCNJ did refer to UCMJ provisions in various memoranda regarding plaintiff's removal. See Mot., Ex. C (Memorandum re Legal Review of Lilly's Investigation) ¶¶ 11-13. Plaintiff argues that doing so was inappropriate because the UCMJ, which is contained in Title 10 of the United States Code, see 10 U.S.C. § 801 et seq., applies only to active duty soldiers, while the behavior of a soldier in the DCNG is governed by Title 32 of the United States Code, the title applicable to the National Guard.

Members of the National Guard are subject to service under both state and federal authority, which makes it important in some contexts to identify which authority has jurisdiction over a member of the Guard at a particular point in time. United States v. Wilson, 53 M.J. 327, 329 (C.A.A.F. 2000) (quoting Perpich v. Department of Defense, 496 U.S. 334, 345-46 (1990) (members of the National Guard "must keep three hats in their closets — a civilian hat, a state militia hat, and an army hat — only one of which is worn at any particular time.")).[2] By its own terms, the UCMJ applies to "[m]embers of a reserve component while on inactive-duty training, but in the case of members of the Army National Guard of the United States or the Air National Guard of the United States *only when in Federal service*." 10 U.S.C. § 802(a)(3) (emphasis

---

[2] "[I]t is apparent that the organized militia of the District of Columbia, which is organized, armed, and controlled by the President of the United States, is essentially a component of the federal government." Seegars v. Ashcroft, 297 F. Supp. 2d 201, 241 (D.D.C. 2004), *rev'd on other grounds*, 396 F.3d 1248 (D.C. Cir. 2005).

added). By contrast, the National Guard regulations state that Army National Guard "personnel serving on FTNGD [Full-Time National Guard Duty] are not subject to the UCMJ, but may be subject to any code of military justice established by their State under provisions of Title 32 United States Code." Mot., Ex. F, NGR 600-5 at 27.

The parties agree that plaintiff was in state service, not federal service, at the time of the incidents that formed the basis for his removal, and he therefore was governed by the District of Columbia's Code of Military Justice. See Complaint ¶ 1; Defendant's Reply to Plaintiff's Opposition ("Rep.") at 5. Unlike many states, however, the District of Columbia has not enacted its own code of military justice, but has determined that the UCMJ will govern its military courts and punishments. See D.C. Code § 49-504; see also Rep., Ex. A (plaintiff's reenlistment paperwork informing him that he was subject to "the D.C. military code and the Uniform Code of Justice."). The Congress of the United States was certainly free to make that legislative determination for the District of Columbia over which it held exclusive jurisdiction and plenary power in 1889 when the statute was enacted. See U.S. CONST. art. 1, § 8; see also Adams v. Clinton, Civil Action No. 98-1665; 1998 U.S. Dist. LEXIS 22848 at *6-13 (D.D.C. June 30, 1998) (three judge court) (describing history of congressional control over the District of Columbia). It therefore appears that there was no impropriety in defendant having relied on certain UCMJ provisions in describing plaintiff's violation of military law. In any event, the notice of intent to remove plaintiff stated that the involuntary separation was based on the National Guard Regulations, not on the UCMJ. See Mot., Ex. A (Memorandum re Involuntary Separation from AGR Program) ¶ 1.

Irrespective of defendant's reliance on the UCMJ, however, the defendant's decision to separate plaintiff was permissible. The NGR, which both parties treat as applicable to plaintiff's case, provide guidelines regarding the involuntary separation process. See Opp., Ex. A, National Guard Regulation 600-5 ("NGR 600-5") ¶ 6-5. The regulations instruct that:

> When deciding whether to initiate procedures for involuntary separation, the following factors may be considered: (a) The seriousness of the events or conditions that form the basis for initiation of separation proceedings. . . . (b) The likelihood that the events or conditions will continue or recur. (c) Whether the actions of the member resulted or are likely to result in an adverse impact on accomplishment of unit missions. (d) The member's ability to perform full-time support duties in a reasonable manner. (e) The member's potential for further service. (f) The member's military record. . . . (g) The possibility of reassigning member.

NGR (AR) 600-5 ¶ 6-5(a)(2). An investigation of plaintiff by the DCNG concluded that he had

[











].[3] Defendant's decision to involuntarily separate plaintiff from the DCNG was not unlawful.

---

[3] Although plaintiff has stated that he did not engage in the conduct for which he was separated from the DCNG, see Rep. at 1, he provides no details about this assertion nor any other argument or competent evidence from which to conclude that defendant's decision to separate him was mistaken. He does not pursue this argument or suggest that discovery would assist him in disproving the DCNG's conclusions about his misconduct. There are no genuine issues of material fact that would suggest that the DCNG's recommendation that plaintiff be separated was arbitrary or capricious.

## IV. CONCLUSION

For the reasons stated above, the Court will grant summary judgment for the defendant and will deny plaintiff's motion for a declaratory judgment. An Order consistent with this Opinion will issue this same day.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: May 21, 2010